# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BEN STRICKLAND, )
                                     Plaintiff, )
                                     )
vs. ) Case No. CIV-17-1011-M
                                   )
CAVALRY SPV, I., LLC; )
LOVE, BEAL, NIXON P.C., )
                                   )
                              Defendants. )

## **ORDER**

Before the Court is defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), filed November 1, 2017. On November 22, 2017, plaintiff filed his response.

Plaintiff was a defendant in a collection lawsuit filed in the District Court of Oklahoma County, Case No. CJ-2007-4714-61, and judgment was entered against plaintiff. Defendant Love, Beal, Nixon P.C. was the collection law firm who obtained the judgment; defendant Cavalry SPV I, LLC acquired the account and entered the case as the plaintiff in the action. Garnishments were issued in the state court action to collect upon the judgment. Additionally, plaintiff, on at least four separate occasions, moved to vacate the entry of judgment in the state court matter, and the state court denied those motions.

On September 20, 2017, plaintiff filed the instant action, asserting that defendants violated 18 U.S.C. § 1964(A),(C) in the course of obtaining money and property under false pretenses. A review of plaintiff's complaint reveals that this case is based upon the garnishments filed in the state court action. Further, in his response to defendants' motion to dismiss, plaintiff states that "this claim tenders for review of a state court judgment". Plaintiff's Opposition to Defendants Motion to Dismiss under FRCP 12B(6) [docket no. 9] at 1.

> The *Rooker-Feldman*[1] doctrine bars a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. Thus, *Rooker-Feldman* bars cases in federal court that are "inextricably intertwined" with a prior state court judgment.

*Johnson v. Riddle*, 305 F.3d 1107, 1116 (10th Cir. 2002) (internal quotations and citation omitted).

Having carefully reviewed plaintiff's complaint and the parties' submissions, the Court finds that this case is barred by the *Rooker-Feldman* doctrine. Specifically, the Court finds that in this case, plaintiff is seeking appellate review of the state court's judgment and garnishments, based, in part, on an alleged violation of his federal rights. The Court further finds that this case is "inextricably intertwined" with the prior state court judgment.

Accordingly, the Court GRANTS defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) [docket no. 8] and DISMISSES this action.

**IT IS SO ORDERED this 17th day of April, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] The doctrine's name is derived from the two United States Supreme Court cases out of which it arose, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).